IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| NAVIGATORS SPECIALTY INSURANCE COMPANY | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 5:24-cv-231 |
| PENSKE TRUCK LEASING, CO., L.P. | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Navigators Specialty Insurance Company ("Navigators"), pursuant to the Federal Declaratory Judgment Act, Federal Rule of Civil Procedure 57, and all other applicable law, files this Original Complaint for Declaratory Judgment against Defendant Penske Truck Leasing, Co., L.P. ("Penske"), and would respectfully show:

**I. PARTIES**

1. Navigators is a surplus lines insurer organized under the laws of the State of New York with its principal place of business in Hartford, Connecticut.

2. Penske is a for-profit limited partnership doing business in Texas and organized under the laws of the State of Delaware with its principal place of business in the State of Pennsylvania. Penske's general partner is PTL GP, LLC, a resident of Pennsylvania. Penske may be served through its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this action under 28 U.S.C. § 1332 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. The parties are diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. The Court has personal jurisdiction over Penske because Penske does business in Texas, its continuous and systematic contacts with Texas such that exercising specific and general jurisdiction does not offend traditional notions of fair play and substantial justice, and the events made the subject of the underlying lawsuit took place in Lubbock County, Texas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Lubbock County, Texas.

## III. FACTUAL BACKGROUND

### A) The Insurance Policies and Lease Agreement

6. Berkley Specialty Insurance Company issued a commercial insurance policy—policy no. QTH0000048-12—to Speedy Delivery LLC ("Speedy"), with a May 28, 2022 to May 28, 2023 policy period (the "Berkley Policy"). A true and correct copy of the Berkley Policy is attached as Exhibit 1 with premiums redacted.

7. Navigators issued an excess commercial insurance policy—policy no. GA22EXCZ06Q6BIC—to Speedy, with a May 28, 2022 to May 28, 2023 policy period (the "Navigators Policy"). Subject to certain conditions, exclusions, limits, and endorsements, the Navigators Policy was an excess liability policy for the "controlling underlying insurance," which was defined as the Berkley Policy. A true and correct copy of the Navigators Policy is attached as Exhibit 2 with premiums redacted.

8.    Penske and Speedy entered a Vehicle Lease Service Agreement ("VLSA") on October 15, 2015. Penske leased Unit 205933—a 2019 International 4300 truck (VIN 3HAMMMML1KL532165)—to Speedy. This particular truck was involved in the underlying accident.

**B)    The Underlying Lawsuit**

9.    On November 11, 2022, Anthony DeLeon filed suit against Penske, Speedy, and BD Delivery, LLC ("BD Delivery") in the 99th District Court of Lubbock County, Texas (the "DeLeon Lawsuit").[1] DeLeon alleged that he was seriously injured in a vehicle accident on November 2, 2022. He alleged that Speedy and BD Delivery employees were driving a Penske-owned truck in Lubbock, Texas, when the truck malfunctioned. DeLeon alleged the Speedy and BD Delivery employees tried to navigate to the emergency lane of the South Loop 289 access road, but they left part of the truck obstructing the far left lane of traffic. He alleged the Speedy and BD Delivery employees did not place any warnings for other traffic that the truck was obstructing the left travel lane. He further alleged that Penske employees told the Speedy and BD Delivery employees to leave the truck obstructing the lane, and Penske promised to tow the truck. Later, DeLeon struck the Penske truck in his travel lane and alleged he was seriously injured.

10.    DeLeon alleged that Penske was negligent and grossly negligent by instructing the Speedy and BD Delivery employees to leave the truck where it was a danger or warn of the danger; failing to instruct Speedy and BD employees to activate the truck's hazard lights; failing to immediately tow the truck; failing to warn others; and negligently maintaining the truck.

11.    DeLeon further alleged that Speedy and BD Delivery were negligent and grossly negligent by parking the truck where it was obstructing the travel lane; failing to warn others;

---

[1] A true and correct copy of DeLeon's Original Petition is attached as Exhibit 3.

failing to activate the hazard lights; failing to place traffic-warning devices; and abandoning the truck. He also asserted direct negligence claims against Speedy and BD Delivery for negligent entrustment, hiring, training, supervision, and retention.

12. Upon information and belief, Berkley assigned defense counsel to represent, Speedy, its named insured under the Berkley Policy. Speedy's defense counsel filed an answer on Speedy's behalf on December 19, 2022. Through its own counsel, Penske also filed an answer on January 1, 2023.

13. Navigators first received notice of Speedy's insurance claim through Speedy's defense counsel on February 1, 2023. This was also the first time that Navigators received notice of the DeLeon Lawsuit.

14. On March 25, 2024, Joseph Tombs filed the operative amended petition as DeLeon's next friend.[2] The amended petition contained additional allegations against Penske, asserting that Penske was also negligent by sending a technician to service the truck without placing traffic-warning devices or activating the hazard lights, among others.

    C)    **DeLeon's *Stowers* Demand and Settlement**

15. On February 5, 2024, DeLeon's counsel sent a *Stowers* demand addressed to Speedy's defense counsel pursuant to *Stowers Furniture Co. v. Am. Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved). The *Stowers* demand was only issued to Speedy, offering to unconditionally settle and release all of DeLeon's claims and causes of action against Speedy for $3,000,000 in policy limits—the aggregate of $1,000,000 in policy limits under the Berkley Policy and $2,000,000 in policy limits under the Navigators Policy. The *Stowers* demand did not offer to release any other defendant, including Penske. Speedy's defense counsel forwarded

---

[2] A true and correct copy of DeLeon's Amended Petition is attached as Exhibit 4.

the *Stowers* demand to Berkley and Navigators. Speedy's defense counsel subsequently obtained an extension to respond to the *Stowers* demand until March 5, 2024.

16.     In response to the *Stowers* demand, Berkley tendered its $1,000,000 in policy limits to Navigators. Through its defense counsel, Speedy requested that Navigators accept the *Stowers* demand, with Berkley funding $1,000,000 and Navigators funding $2,000,000. Considering DeLeon's injuries, past medical expenses, likely future medical care, past and future lost wages, and pain and suffering, Navigators determined there was a substantial likelihood of a judgment in excess of available insurance against its named insured, Speedy. At Speedy's request, Navigators accepted the *Stowers* demand on March 5, 2024.

17.     On April 10, 2024, DeLeon executed a Settlement and Release Agreement ("Settlement Agreement") that released any and all of DeLeon's claims against Speedy. The Settlement Agreement did not include Penske or any other defendant in the DeLeon Lawsuit. The Settlement Agreement also exhausted Berkley and Navigators' policy limits.

        **D)**     **Penske Claims Additional Insured Status**

18.     Despite answering the DeLeon Lawsuit through counsel on January 1, 2023 and actively participating in the litigation, Penske sent a demand to Navigators for insurance coverage under the Navigators Policy **for the first time** on August 30, 2024—over four months after DeLeon settled with Speedy (exhausting its policy limits), and almost twenty months after Penske appeared in the DeLeon Lawsuit. On August 30, 2024, through counsel, Penske sent a letter to Navigators stating: "As discussed below, Penske is an insured under the Navigators policy issued to Penske's customer[,] Speedy Delivery LLC. **Penske requests that Navigators accept coverage for the claims asserted against Penske in the above[-]referenced lawsuit, attend global mediation to be scheduled in the near future, and resolve the claims against Penske.**" In other

words, Penske did not request a defense from Navigators or even inform Navigators that Penske might be an insured under the Berkley Policy or the Navigators Policy until long ***after*** Navigators accepted DeLeon's *Stowers* demand and funded the Settlement Agreement. Penske's demand for insurance coverage was not presented to Navigators until ***months after*** the Navigators Policy was exhausted.

19. In its letter, despite never requesting coverage from Navigators before Navigators accepted DeLeon's *Stowers* demand on Speedy's behalf, DeLeon executed a settlement agreement with Speedy, and Navigators fully funded the Settlement Agreement (exhausting its policy limits), Penske claimed that Navigators was "liable for its bad faith conduct in settling DeLeon's claims against Speedy Delivery without securing a release of Penske's liability, which left Speedy Delivery exposed to excess liability on Penske's cross-claims." Penske's letter made clear that it was upset Navigators accepted a Texas resident's *Stowers* demand (a Texas legal doctrine) on Speedy's behalf in an accident occurring in Texas in a case being actively litigated in a Texas district court without also securing a release on Penske's behalf. Penske's letter threatened to sue Navigators "for damages caused by Navigators' bad faith conduct," and add Navigators as a defendant to a complaint that Penske was threatening to file against Berkley and Speedy.

    **E)**    **The Speedy Delivery Settlement Exhausted Navigators' Policy and Obligations**

20. Pursuant to the *Stowers* doctrine, Navigators had a duty to accept DeLeon's *Stowers* demand as an ordinarily prudent insurer to protect its named insured, Speedy, considering the likelihood and degree of Speedy's potential exposure to an excess judgment. *See American Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848–49 (Tex. 1994); *Stowers Furn. Co. v. American Indem. Co.,* 15 S.W.2d 544, 547–48 (Tex. Comm'n App. 1929, holding approved). Settling the DeLeon Lawsuit exhausted both the Berkley Policy and the Navigators Policy limits.

21. The Navigators Policy states:

> 2. If an aggregate limit of 'controlling underlying insurance' is exhausted by the payment of judgments or settlements to which this insurance applies, or would have applied but for the amount of the damages, this insurance will apply in place of the "controlling underlying insurance" until we have paid our applicable Limits of Insurance.
>
> 3. When paragraph 2. above applies, ending the "controlling underlying insurance" obligations to investigate and settle claims or defend suits against the insured, we have the right and duty to investigate claims and defend suits which seek damages to which this insurance applies. Our right and duty to defend end when we have paid our applicable Limits of Insurance.

By definition, the Berkley Policy is the "controlling underlying insurance." Per the plain language of the Navigators Policy, once Navigators settled the DeLeon Lawsuit on behalf of Speedy, Navigators exhausted its Limits of Insurance, ending any and all further obligations.

22. Texas law permits an insurer to settle on behalf of one insured for policy limits even if it leaves another purported insured without coverage. Texas law provides that if there is a settlement demand made to one insured for policy limits, an insurer may settle on behalf of one insured, regardless of whether a claim against another party or insured remains pending. *Pride Transp. v. Cont'l Cas. Co.*, 511 Fed. App'x. 347, 351 (5th Cir. 2013) ("Although the *Stowers* duty imposes liability on insurers who reject reasonable demands covered under their policies, we decline to use this case . . . to extend the *Stowers* duty to impose liability on insurers for accepting demands."); *Sec. & Exch. Comm'n v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 846 (5th Cir. 2019) ("What is clear in Texas law . . . is that an insurer may settle with fewer than all of its co-insureds when the policy proceeds are insufficient to satisfy all of the claims."); *see also Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 768 (5th Cir. 1999) ("Accordingly, we . . . hold that under Texas law an insurer is not subject to liability for proceeding, on behalf of a sued insured,

with a reasonable settlement . . . once a *s*ettlement demand is made, even if the settlement eliminates (or reduces to a level insufficient for further settlement) coverage for a co-insured as to whom no *Stowers* demand has been made."); *Am. States Ins. Co. of Tex. v. Arnold*, 930 S.W.2d 196, 202–03 (Tex. App.—Dallas 1996, writ denied) ("We conclude that, under the unambiguous policy language and circumstances of this particular case, [the insurer's] settlement of Cassady's personal injury claim against Mayes's estate for its bodily injury policy limits terminated any obligation to defend Arnold, as an additional insured, in the Cassady lawsuit.").

23. Further, a settlement that exhausts the policy limits on behalf of one insured terminates the duty to defend as to all purported insureds. *Citgo,* 166 F.3d at 768; *Arnold*, 930 S.W.2d at 202–03. After Navigators accepted DeLeon's *Stowers* demand and funded the Settlement Agreement, it exhausted its policy limits, terminating any further duties to defend or indemnify Speedy or any other purported insured.

24. Texas law is also clear that an insurer has no duty to defend and no liability under a policy unless and until an insured demands a defense. *Moreno v. Sentinel Ins. Co., Ltd.*, 35 F.4th 965, 975 (5th Cir. 2022) (quoting *Jenkins v. State And Cnty. Mut. Fire Ins. Co.*, 287 S.W.3d 891, 897 (Tex. App.—Fort Worth 2009, pet. denied)). "Insurers owe no duty to provide an unsought, uninvited, unrequested, unsolicited defense." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Crocker*, 246 S.W.3d 603, 610 (Tex. 2008). An insurer is under no obligation to inject itself into a proceeding on a potential additional insured's behalf. *Moreno*, 35 F.4th at 975 (citing *Crocker*, 246 S.W.3d at 610). An insured must specifically request a defense to trigger a duty to defend, and an insurer cannot breach a duty to defend if the duty is never triggered. *Id.* at 976.

25. Despite now claiming that it was an insured under both the Berkley Policy and the Navigators Policy, Penske never requested a defense or insurance coverage from Navigators until

August 30, 2024, when it sent its letter. Again, this demand for insurance coverage to Navigators was not asserted until long after Navigators accepted DeLeon's Stowers demand on Speedy's behalf, DeLeon executed the Settlement Agreement, Navigators funded the settlement, and Navigators exhausted the Navigators Policy limits. Since Penske never asserted a demand for defense or indemnity before the Navigators Policy was exhausted, Navigators never owed any duties to Penske as a matter of law.

### IV. REQUEST FOR DECLARATORY JUDGMENT

26. Navigators incorporates by reference the factual allegations set forth above.

27. An actual controversy has arisen and now exists between the parties relating to Navigators' duty, if any, to provide Penske with a defense or indemnity for the DeLeon Lawsuit. Penske has threatened litigation arising from Navigators' settling the DeLeon Lawsuit in response to a *Stowers* demand to its named insured, Speedy. Declaratory judgment is necessary, and Navigators requests a declaration of its rights under the Navigators Policy pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., and Rule 57 of the Federal Rule of Civil Procedure. The Court's declaration shall have the force and effect of a final judgment or decree. 28 U.S.C. § 2201(a).

28. Navigators seeks the following declarations:

- Speedy Delivery was Navigators' named insured under the Navigators Policy;

- Through counsel, Anthony DeLeon issued a *Stowers* demand to Speedy Delivery on February 5, 2024;

- DeLeon's *Stowers* demand offered to release all of DeLeon's claims and causes of action against Speedy for $3,000,000 in policy limits—the aggregate of $1,000,000 in policy limits under the Berkley Policy and $2,000,000 in policy limits under the Navigators Policy;

- Navigators accepted DeLeon's *Stowers* demand on March 5, 2024;

- DeLeon executed the Settlement Agreement that released any and all of DeLeon's claims against Speedy;

- As a result of the settlement between DeLeon and Speedy, the Navigators Policy was exhausted;

- Penske did not request defense, indemnity, or any other insurance coverage from Navigators until after the Navigators Policy was exhausted;

- Navigators had no duty to defend or indemnify Penske in the DeLeon Lawsuit;

- Navigators owes no defense costs or indemnity costs or any other obligations or duties to Penske in the DeLeon Lawsuit after exhausting the Navigators Policy limits.

## CONDITIONS PRECEDENT

29. All conditions precedent have been met by Navigators or waived by Penske.

## CONCLUSION AND PRAYER

Pursuant to 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure, Navigators Specialty Insurance Company respectfully requests this Court to enter a declaratory judgment as set forth above and to grant any other and further relief as this Court deems just.

Respectfully submitted,

By: _____
Christine Kirchner
State Bar No. 00784403
c.kirchner@chamberlainlaw.com
Chris M. Lemons
State Bar No. 24094799
Chris.lemons@chamberlainlaw.com
Mary "Katy" Andrade
State Bar No. 24118606
Katy.andrade@chamberlainlaw.com

       CHAMBERLAIN, HRDLICKA, WHITE,
          WILLIAMS & AUGHTRY, P.C.
       1200 Smith Street, Suite 1400
       Houston, Texas  77002
       (713) 658-1818

**ATTORNEYS FOR PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY**

       Robert J. Craig, Jr.
       State Bar No. 04987300
       bobc@cthgelawfirm.com
       Marcy Erwin
       State Bar No. 24047248
       merwin@cthgelawfirm.com
       CRAIG, TERRILL, HAMM, GROSSMAN &
          ERWIN, LLP
       9816 Slide Road, Suite 201
       Lubbock, Texas, 79424
       Phone: (806) 744-3232
       Fax: (806) 744-2211

**LOCAL COUNSEL FOR PLAINTIFF NAVIGATORS SPECIALTY INSURANCE COMPANY**